## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

VANESSA DUMAS,         )
                      )
         Plaintiff,       )
                      )
     v.               )        Cause No. 2:04-CV-121 PS
                      )
THE METHODIST HOSPITALS,   )
INC.,                   )
                      )
         Defendant.    )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by the Defendant The Methodist Hospitals, Inc. ("Methodist") pursuant to Fed. R. Civ. P. 37 and N.D. Ind. L. R. 37.1 [Doc. 12] for Plaintiff Vanessa Dumas's continued failure to comply with outstanding discovery requests and repeated failure to appear for her own deposition.  Plaintiff did not respond to the Motion to Dismiss.

In summary, Plaintiff has completely failed to participate in an action that she chose to initiate.  Despite representing to opposing counsel and to the Court that this matter would be voluntarily dismissed, that has not even occurred.  Enough is enough, this matter is dismissed.

## PROCEDURAL BACKGROUND

On February 24, 2004, Dumas filed her complaint in the Lake Superior Court.  Methodist removed the case to this Court on March 23, 2004, and filed its answer on March 26, 2004.  On June 9, 2004, the Court held a telephonic preliminary pretrial conference during which it fixed certain pretrial deadlines including a July 15, 2004 deadline to exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1), a November 30, 2004 deadline for completing discovery, and a December 31, 2004 deadline for filing dispositive motions.  Methodist served on Dumas its

initial disclosures on July 6, 2004.  From the docket report, it does not appear that Plaintiff

Dumas participated in this action after the preliminary pretrial conference.

On October 8, 2004, Methodist served a set of interrogatories and requests for production

upon the Plaintiff.  The Plaintiff failed to respond or object to these discovery request within the

time proscribed by Fed. R. Civ P. 33 and 34.  In fact, to date the Plaintiff has not responded to

the discovery requests, despite repeated written requests from Methodist's counsel.

Even more disturbing is Plaintiff's repeated failure to appear for her own deposition.  On

October 20, 2004, Methodist's counsel informed Dumas's counsel of Methodist's desire to take

Dumas's deposition and provided potential deposition dates prior to the November 30, 2004

discovery deadline.  When Dumas failed to select a deposition date, Methodist served on Dumas

on November 4, 2004, a notice setting Dumas's deposition for November 23, 2004 at 9:30 a.m.

Neither Dumas nor her attorney, Jerry Peteet, appeared.

Later that same morning, Dumas's counsel's office telephoned Methodist's counsel and

stated that Dumas's counsel wanted to reschedule the Plaintiff's deposition for November 29,

2004.  The same day, Methodist's counsel, by letter faxed and mailed to Dumas's counsel

confirmation of the agreement to reschedule Plaintiff Dumas's deposition for November 29,

2004 at 9:30 a.m.

At 8:30 a.m. on November 29, 2004, Dumas's counsel telephoned the office of

Methodist's counsel and stated that neither he nor Dumas would be appearing for her

rescheduled deposition.  Instead, Dumas's counsel indicated that he would be speaking with his

client about dismissing the case.  Methodist's counsel followed up with two more letters, even

2

including a proposed stipulation of dismissal.  Methodist's counsel never received any further

communications from Dumas's counsel.

Left with no other options, on December 20, 2004, Methodist filed its Motion to Dismiss

or in the Alternative, to Fix New Pretrial Deadlines and Compel Discovery.  (*See* [Doc. 12].)  On

that same day, Methodist filed its Rule 37 Certification.  (*See* [Doc. 13].)  No response was filed

by the Plaintiff.  In fact, nothing has been docketed in this matter since last December.

On April 5, 2005, over three months after the Motion to Dismiss was filed, the Court

contacted counsel for Dumas directly, inquiring into the status of this matter and attempting to

determine whether a response would be forthcoming.  Counsel for Dumas, Jerry Peteet, stated

that he was going to be meeting with his client on April 8, 2005, and that he was going to get the

stipulation to dismiss signed and filed electronically that same day.  To date, over a month later,

nothing has been filed by the Plaintiff.  Dumas cannot be allowed to completely ignore her own

lawsuit.

## DISCUSSION

It is well settled that a district court has the discretion to impose sanctions, including

dismissal, for failure to comply with discovery orders.  *Dotson v. Bravo*, 321 F.3d 663, 666-67

(7th Cir. 2003); *see also Montgomery v. Pepsi-Cola Gen. Bottlers, Inc.*, 2004 WL 2091483, at *4

(N.D. Ind. Sept. 8, 2004).  Dismissal under Rule 37(b)(2)(C) is appropriate when a plaintiff fails

to comply with a discovery order and that failure results from willfulness, bad faith, or fault.  *In*

*re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th

Cir. 1997).  "Absent [these] circumstances, the careful exercise of judicial discretion requires

that a district court consider less severe sanctions and explain, where not obvious, their

inadequacy for promoting the interests of justice." *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986); *see also Maynard v. Nygren*, 332 F.3d 462, 467-8 (7th Cir. 2003).  However, the Seventh Circuit also instructs that the appropriateness of lesser sanctions need not be explored if the circumstances justify imposition of the ultimate penalty, dismissal with prejudice.  *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).  Further, the Seventh Circuit has held that incomplete or evasive responses to interrogatories can support dismissal of the entire action under Rule 37(b).  *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179-80 (7th Cir. 1987).

Here, there can be no doubt that Plaintiff's continued failure to comply – at all – with Defendant's discovery requests and Plaintiff's repeated failure to appear for her own deposition is willful and in bad faith.  Plaintiff did not even bother to file a response to Defendant's Motion to Dismiss.  In fact, counsel for the Plaintiff indicated to Defendant's counsel – and to the Court – that he would be filing a stipulation of dismissal in this matter.  He has failed to even do that.  At this point, Plaintiff Dumas has abandoned her lawsuit.

In sum, Plaintiff has never provided any answers to Defendant's interrogatories or responded to Defendant's document requests that have been outstanding for over seven months.  Plaintiff has also failed to appear for her own deposition, repeatedly.  In addition, Plaintiff's counsel has made representations to opposing counsel and to the Court that this matter was going to be dismissed.  Finally, the Court notes that Plaintiff has not responded to Defendant's Motion to Dismiss despite the fact that several months have passed since it was originally filed.  Thus, the Court can only assume that Plaintiff has no basis in law or fact to object to Defendant's Motion and does not care to continue on with this lawsuit.  Accordingly, this matter is dismissed.

4

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 37 [Doc. 12] is hereby **GRANTED**, and Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.  The Clerk is directed to enter **FINAL JUDGMENT** stating "Plaintiff shall take nothing by way of her complaint."  The Clerk is further directed to treat this matter as **TERMINATED** and all further settings in this matter are **VACATED**.

**SO ORDERED.**

ENTERED: May 12, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT